[652 NYS2d 94]

In the Matter of ALEXANDER D. RAHMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

*Alexander D. Rahman,* Huntington Station, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing two charges of professional misconduct against him. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in opposition, requesting that the petition to affirm the Special Referee's findings be denied and that the instant proceeding be dismissed.

Charge One alleged that the respondent was convicted of a class A misdemeanor.

The respondent was the subject of a criminal complaint, dated January 31, 1995, filed in the State of New Hampshire, Wolfeboro District Court. He was charged with one count of simple assault in violation of New Hampshire Revised Statutes Annotated § 631:2-a. The charge emanated from his "having knowingly cause [sic] unprivileged physical contact with Jennifer Glover." The respondent entered a plea of nolo contendere on or about May 11, 1995, and was adjudged guilty of the charge. The respondent was thereupon sentenced by the Honorable Robert Varney, Presiding Justice, Wolfeboro District Court, to a 30-day term of incarceration, which was suspended based upon his good behavior for a term of one year, and fined $750 plus a $150 penalty assessment.

Charge Two alleged that the respondent was convicted of a violation of law.

The respondent was the subject of a criminal complaint, dated January 31, 1995, filed in the State of New Hampshire, Wolfeboro District Court. He was charged with one count of simple assault in violation of New Hampshire Revised Statutes Annotated § 631:2-a. The charge emanated from his "having knowingly cause [sic] unprivileged physical contact with Christine McDermott." The respondent entered a plea of nolo contendere on or about May 11, 1995 and was adjudged guilty of the charge. The charge was amended from a class A misdemeanor to a violation by the State. The respondent was thereupon fined $1,000 plus a $200 penalty assessment.

Based on the respondent's convictions and his admissions that he pleaded guilty and engaged in "unprivileged touching," the Special Referee properly sustained the charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the character and nature of the

respondent's offenses and his apparent inability to come to terms with his substance abuse problem in an ongoing structured manner. Under the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FRIED-MANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alexander D. Rahman, is suspended from the practice of law for a period of two years, commencing February 13, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Alexander D. Rahman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.